UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SERGIO DURAZO, | ) | CASE NO. 5:10CV1646 |
| | ) | CRIMINAL CASE NO. 5:08CR290 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of Petitioner Sergio Durazo (Petitioner or Durazo) to vacate, correct, or set aside his sentence, pursuant to 28 U.S.C. § 2255. (Case No. 5:10CV1646, Doc. No. 1; Case No. 5:08CR290, Doc. No. 64.) The matter is fully briefed and ripe for decision.

**Background**

On July 16, 2008, Petitioner was indicted for participating in a drug conspiracy. Count One charged Petitioner with conspiring to distribute marijuana, in violation of 21 U.S.C. §§ 841 and 846. (Case No. 5:08CR290, Doc. No. 14, Indictment.) Count Two charged Petitioner with traveling in interstate commerce to promote the carrying on of a racketeering activity, in violation of 18 U.S.C. §§ 1952 and 2. (*Id.*)

On July 28, 2009, Petitioner pleaded guilty to Count 1, pursuant to the terms of a plea agreement with the government, and the Court sentenced Petitioner to a term of imprisonment of 135 months, followed by a period of five years supervised

release. (Case No. 5:08CR290, Doc. No. 70, Transcript of Sentencing Hearing (hereinafter "TR at __") at 26.) At the time of sentencing, and in accordance with the signed plea agreement, Respondent dismissed Count 2 of the Indictment. (TR at 28.)

Petitioner did not take a direct appeal from his conviction and sentence. Rather, on July 27, 2010, Petitioner filed a motion to vacate, set aside, or correct his sentence, which raised questions of whether he received effective assistance at sentencing by his trial counsel. Specifically, he identifies three instances where he believes that trial counsel was deficient. First, Petitioner claims that trial counsel was ineffective for failing to request a four-level departure for early disposition of the case. Second, Petitioner maintains that trial counsel was ineffective for failing to dispute the sentencing court's ruling regarding a U.S.S.G. § 5K2.0 departure. Third, Petitioner insists that he received ineffective assistance of counsel because trial counsel failed to notify the Court that the government breached the plea agreement.

**Standard of Review**

Petitioner's motion to vacate or correct his sentence is brought under 28 U.S.C. § 2255, which provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330

2

F.3d 733, 736 (6th Cir. 2003). *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin*, 330 F.3d at 736. *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A court should hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Where the judge considering the § 2255 motion also presided over the plea, the judge may rely on his or her recollections of the proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. This Court presided over Petitioner's plea hearing and sentencing, and can supplement the record with recollections of these proceedings. Moreover, the allegations raised by Petitioner in his motion cannot be accepted as true because they are merely misguided conclusions rather than statements of fact. *See Arredondo*, 178 F.3d at 782.

**Analysis**

Because Petitioner contends that he received ineffective assistance of counsel at sentencing, the Court turns to the familiar *Strickland* standard, which requires Petitioner to show that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance "falls below an objective standard of reasonableness," with reasonableness judged based on the facts of the particular case, viewed as of the time of the attorney's conduct. *Id*. at 688, 690.

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of guilty pleas, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id.*

    1.    **Failure to Request Departure for Early Disposition**

Petitioner claims that trial counsel was ineffective for failing to request a four-level downward departure for early disposition of the case pursuant to the PROTECT Act. In support of his argument, Petitioner maintains that he "immediately

4

spoke to the agents at the onset, and was prepared to do an early disposition on the case." (Mot. at 4.) Petitioner, in essence, argues that his trial attorney should have sought sentencing under a fast-track program.

"The fast-track program started in 1994 in the Southern District of California, where federal courts were faced with more than 600,000 arrests annually at the border with Mexico." *United States v. Omeda-Garcia*, 613 F.3d 721, 724 (7th Cir. 2010). The program allows "federal prosecutors to offer shortened sentences to defendants who plead guilty at an early stage in the prosecution and agree to waive appeal and other rights." *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 739 (9th Cir. 2009). In 2003, Congress passed the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (the PROTECT Act), approving the use of fast-track programs and granting the Attorney General the power to authorize such programs. The Attorney General subsequently issued a memorandum outlining criteria for the program. Memorandum from Attorney General John Ashcroft Setting Forth Justice Department's Fast-Track Policies (Sept. 22, 2003), 16 Fed. Sent. Rep. 134 (Dec. 2003).

There is no fast-track program in relation to drug trafficking conspiracies in the Northern District of Ohio, and the plea agreement makes no reference to a cooperation agreement or the applicability of any early disposition program. While it is true that the "failure to move for a sentencing decrease may constitute ineffective assistance of counsel," *United States v. Thomas*, 38 Fed. App'x 198, 203 (6th Cir. 2002) (citing *United States v. Soto*, 132 F.3d 56, 59 (D.C. Cir. 1997)), trial counsel cannot be considered ineffective to failing to request an unavailable sentence reduction. *See id.*

5

("[A]s with all motions, if the motion [for a sentence reduction] would not have been granted, counsel cannot be guilty of ineffective assistance.") (internal citation omitted). Counsel, therefore, cannot be found to be ineffective for failing to move for sentencing relief that was not available.

Nor would Petitioner have prevailed had his counsel sought a reduction based upon the possible disparity in sentences between fast-track and non fast-track districts. The Sixth Circuit has previously explained that "fast-track guidelines reductions were specifically authorized by statute due to the unique and pressing problems related to immigration in certain districts […]." *United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006). Furthermore, while, in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), district courts are now permitted to consider disparities between fast-track and non fast-track districts, the Sixth Circuit has held that district courts are not required to do so. *United States v. Cordova*, 373 Fed App'x 549, 551 (6th Cir. 2010).

Here, in considering the applicable factors set forth in 18 U.S.C. § 3553(a), the Court specifically addressed the issue of sentencing disparities, and considered other sentences handed down in related cases, as well as relevant drug-related sentences imposed nationally, and was satisfied that Petitioner's sentence was not disparate. (TR at 24.) The Court would not have been inclined to further explore the issue of disparity by considering fast-track sentences in this non-immigration matter. Because trial counsel was not ineffective in failing to argue for fast-track treatment, and any such omission did not prejudice Petitioner, the Court cannot find, on this issue, that Petitioner was subjected to ineffective assistance of counsel.

## 2. Failure to Advocate for U.S.S.G. § 5K2.0 Departure

The presentence report calculated a criminal history category of III. At the sentencing hearing, defense counsel successfully argued that there was some doubt as to whether two of the crimes identified in the presentence report were actually perpetrated by Petitioner. The Court agreed to not count these two prior criminal incidents, which had the effect of reducing Petitioner's criminal history to Category II. (TR at 8-9.)

Defense counsel also argued that, even at Category II, Petitioner's criminal history was over represented, due to the fact that two misdemeanor offenses appeared to have been committed more than ten years prior to sentencing in this matter, and that there had been an unexplained delay in the prosecution of one of these matters. The Court agreed that, under the circumstances, it was appropriate to take into consideration the age of the prior convictions, and further reduced Petitioner's criminal history to a Category I. (TR at 18-19.) Finding that Petitioner's revised criminal history placed in him in Category I, and further finding that the offense level was 33, the Court settled on a sentencing range under the guidelines of 135 to 168 months. (TR at 19.)

Petitioner now argues that defense counsel was ineffective for failing to adequately advocate for a departure under U.S.S.G. § 5K2.0, due to the fact that Petitioner's daughter had been diagnosed with Leukemia. Specifically, Petitioner argues:

> THE JUDGE INDICATED THAT SHE WAS WILLING TO DO THAT [DEPART DOWNWARD BECAUSE PETITIONER'S DAUGHTER WAS BATTLING LEUKEMIA], BUT DUE TO MY ROLE IN THE OFFENSE, SHE WAS NOT ABLE TO DO THAT. I FEEL THIS WAS ERROR AND MY ATTORNEY SHOULD HAVE PURSUED THAT GROUND.

(Mot. at 5.)

7

The record reflects that defense counsel did raise the daughter's illness as a basis for a downward departure. (TR at 16.) Further, the Court stated on the record that, while it was not going to vary downward any further than the range of 135 to 168 months, it was "taking the daughter's health situation into consideration" when "imposing that final sentence." (TR at 24-25.) As such, the Court agreed to sentence Petitioner at the low end of the guidelines range.

While Petitioner had withdrawn his request for a downward departure based upon his role in the drug conspiracy, the Court emphasized at the sentencing hearing that had such a request been pursued, it would have been denied, due to the fact that Petitioner played a pivotal role in the movement of drugs into the area. (TR at 19-20.) In light of the fact that the Court was unwilling to further depart from the guidelines range because of Petitioner's prominent role in the drug conspiracy, the Court cannot find that Petitioner suffered any prejudice from what Petitioner believes was an inadequate attempt to advocate for a § 5K2.0 departure. Absent prejudice, Petitioner cannot establish ineffectiveness under the *Strickland* standard.

### 3. Failure of Counsel to Assert Breach of Plea Agreement

Finally, Petitioner argues that trial counsel was ineffective for failing to call to the Court's attention the government's purported breach of the plea agreement. Petitioner states that:

> I FEEL MY ATTORNEY WAS INEFFECTIVE WHEN HE FAILED TO NOT [SIC] CALL TO THE ATTENTION OF THE COURT, THAT THE GOVERNMENT BREACHED MY PLEA AGREEMENT. I AM ONLY RAISING THIS INSOFAR AS SENTENCING BECAUSE IT WAS DETERMINED IN THE PLEA THAT I WAS A FACILITATOR AND THAT WOULD INDICATE THAT I HAD A VERY MINOR/MINIMAL ROLE IN THE OFFENSE; NOT ONLY WOULD THAT HAVE

QUALIFIED ME FOR A LEVEL REDUCTION ON THE OFFENSE LEVEL, IT WOULD ALSO ALLOW ME TO OBTAIN A 5K.2 DISPOSITION AS WELL AS RECEIVE THE SAFETY VALVE WHICH I WAS DENIED AT THE TIME OF SENTENCING.

(Mot. at 5.)

Petitioner misunderstands the Court's findings with respect to his role in the criminal enterprise. At the sentencing, the Court found that Petitioner was the contact person for the drug transfers, and that he played a pivotal role in ensuring that substantial quantities of marijuana entered the Akron, Ohio area. The Court concluded that Petitioner "[d]id not have minimal I'm just watching kind of role, as [his counsel] had stated in [Petitioner's] sentencing memorandum." (TR at 20.)

These findings were consistent with the plea agreement, itself, that set forth facts, which were admitted to by Petitioner, and which established Petitioner's significant role in the drug conspiracy. Specifically, the plea agreement provided that, from 2003 to 2008, Petitioner coordinated the delivery of between 10,000 and 30,000 kilograms of marijuana to Chevaliee Robinson in Ohio. During this general time period, Petitioner made several trips to Akron, Ohio to facilitate these deliveries. Moreover, in November 2007, after Robinson was arrested and placed in state custody, Petitioner took steps to reestablish the drug flow into Akron, Ohio, and made arrangements to shepherd a load of marijuana from Arizona to Ohio. The load made it as far as Fort Wayne, Indiana. When he and co-defendant, Jesse Cecena, met with a co-conspirator in Richfield, Ohio to discuss the logistics of retrieving the drugs from Indiana, Petitioner was arrested by task force agents and taken into custody. (Case No. 5:08CR290, Doc. No. 42, Plea Agreement at 7-9.)

Petitioner fails to point to any part of the plea agreement to which the government breached. Moreover, the facts set forth in the plea agreement, facts accepted by Petitioner as part of the plea, firmly disprove Petitioner's position that he had a "minor/minimal" role in the drug conspiracy. Nonetheless, Petitioner appears to argue that the government breached the plea agreement by not agreeing to support a downward role adjustment at sentencing. According to Petitioner, had the government agreed to such a reduction, he would have been eligible for Safety Valve treatment. This argument is without merit.

Petitioner agreed that the plea agreement represented the entire agreement between him and the government. (*See* Plea Agreement at 10.) Nowhere in the agreement does it state that Petitioner would be eligible for Safety Valve treatment, nor does it state that the government would support such treatment. In fact, the plea agreement does not impose upon the government the duty to support any reductions, let alone a reduction based on Petitioner's role in the drug conspiracy--a role, which the plea agreement establishes, was substantial. Defense counsel cannot be held ineffective for failing to raise a non-existent breach of the plea agreement. Further, as the Court found at sentencing, any attempt by defense counsel to advocate for a downward departure based on Petitioner's role would have been unsuccessful. As such, the Court cannot find that defense counsel was ineffective for failing to assert a role reduction, *see Thomas*, 38 Fed. App'x at 203, or that Petitioner was prejudiced by the omission.

**Conclusion**

For all of the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence is **DENIED**. Further, the Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: November 12, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**